Devin M. Smith, WSBA #42219
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206.622.3150
Facsimile: 206.757.7700
*Attorneys for Defendant*

Rebecca R. Lynch, WSBA #58018
DAVIS WRIGHT TREMAINE LLP
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Telephone: 425.646.6100
Facsimile: 425.646.6199
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| RICARDO PRECIADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCCAIN FOODS USA, INC., a Maine corporation;<br><br>Defendant. | No. 2:25-cv-445<br><br>**DEFENDANT MCCAIN FOODS USA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**(Removed from Adams County Superior Court, Case No. 25-2-00154-01)** |

PLEASE TAKE NOTICE THAT Defendant McCain Foods USA, Inc. ("McCain") by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for Adams County to the United States District Court for the Eastern District of Washington. In accordance with 28 U.S.C. §§ 1332, 1441, and 1446 McCain hereby removes the state court action styled *Ricardo Preciado v. McCain Foods USA Inc.*, Case No. 25-



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

2-00154-01, filed in the Superior Court of the State of Washington in and for Adams County. In further support of its removal, McCain states as follows:

## I. PROCEDURAL BACKGROUND

1. On October 2, 2025, Plaintiff Ricardo Preciado ("Plaintiff" or "Preciado") filed his Class Action Complaint ("Complaint") for damages in the Superior Court for Adams County, Washington, *Ricardo Preciado v. McCain Foods USA, Inc.*, Case No. 25-2-00154-01. Thereafter, Plaintiff served a Summons and Complaint on Defendant on October 10, 2025. The Complaint asserted putative class claims for allegedly failing to provide rest breaks and meal periods, failing to pay minimum wages and overtime wages, failing to accrue and allow use of sick leave, making unlawful deductions and rebates from employees' wages, and other wage and hour violations.

2. McCain denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of a putative class. For purposes of the jurisdictional requirements for removal under the Class Action Fairness Act of 2005 ("CAFA") only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

## II. TIMELINESS OF REMOVAL

3. McCain was served with a copy of the Summons and Complaint on October 10, 2025. A true and correct file stamped copy of the Complaint is attached as **Exhibit A**.

4. No further proceedings have been had in the state court.

5. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within 30 days after service of the Complaint on Defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

previous Notice of Removal has been filed or made with this Court for the relief herein.

## III. VENUE

6. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

7. Removal is proper to the Eastern District of Washington at Spokane because it is the district and division embracing Adams County, Washington.

## IV. GROUNDS FOR REMOVAL

8. This Court has jurisdiction over this matter pursuant to CAFA, and the case is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441, including all claims asserted against McCain.

9. Plaintiff purports to represent a putative class of "[a]ll hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." Compl. ¶ 4.1.

10. Plaintiff alleges the following violations against McCain on a classwide basis: (1) failure to provide rest breaks in violation of RCW 49.12.020 and WAC 296-126-092; (2) failure to provide meal periods in violation of RCW 49.12.020 and WAC 296-126-092; (3) failure to pay overtime wages in violation of RCW 49.46.130; (4) failure to pay minimum wage for all hours worked in violation of RCW 49.46.090; (5) failure to accrue and allow use of paid sick leave in violation of RCW 49.46.210 and WAC 296-128-620; (6) unlawful deductions and rebates in violation of RCW 49.52.060 and WAC 296-126-028; (7) failure to pay all wages due at termination in violation of RCW 49.48.010; (8) willful refusal to pay wages in violation of RCW 49.52.050; and (9) failure to maintain accurate payroll records in violation of WAC 296-128-010(6).



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

11. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought under one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff alleges claims on behalf of a putative class. Plaintiff states that "[p]ursuant to Washington Civil Rule 23, [he] brings this case as a class action." Compl. ¶ 4.1. Washington Civil Rule 23 is similar to Federal Rule of Civil Procedure 23. *Compare* Fed. R. Civ. P. 23(a), (b)(3), with Wash. CR 23(a), (b)(3). Therefore, this lawsuit satisfies CAFA's class action requirement.

12. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

**A. The Putative Class Consists of More than 100 Members.**

13. This action satisfies CAFA's requirement that the putative class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Plaintiff's class includes "[a]ll hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." Compl. ¶ 4.1. The only exclusions from the class are "any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant," "Defendant's legal representatives, assignees, and successors," and "the judge to whom this case is assigned and any member of the judge's immediate family." *Id.*

15. Plaintiff alleges that the number of class members is significant enough that a class action is the superior method of determining liability. Compl. ¶ 4.7. Plaintiff alleges that this class includes more than 40 people. Compl. ¶ 4.2.



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

16. McCain has used payroll and human resources data that it maintains in the ordinary course of business and pursuant to its regular practices to identify current and former employees subject to Plaintiff's putative class. For purposes of removal only, and without waiving arguments or defenses regarding class scope or class certification, McCain has employed at least 800 hourly-paid non-exempt employees during the relevant time period. Declaration of Danielle Minor in Support of Notice of Removal ("Minor Decl.") ¶ 4 attached hereto as **Exhibit B.**

17. Accordingly, while McCain denies that class treatment is permissible or appropriate, McCain's records confirm that the putative class as defined contains more than 100 members for CAFA purposes.

**A. Diversity of Citizenship Exists between McCain and Plaintiff.**

18. CAFA requires minimal diversity, meaning that only one member of the putative class must be diverse from only one defendant. 28 U.S.C. § 1332(d)(2)(A).

19. Plaintiff asserts that he is "a resident of Washington." Compl. ¶ 3.1. Plaintiff is therefore considered a citizen of Washington for CAFA purposes.

20. A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28. U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010). As of the date the Complaint was filed in the state action and as of the date of this removal, McCain is a corporation organized under the laws of Maine. McCains's executive officers maintain their offices at its headquarters in Oakbrook Terrace, Illinois, where they direct, control, and coordinate McCain's activities. Minor Decl. ¶ 2. Thus, for removal purposes, Defendant McCain is a citizen of Maine and Illinois.

21. Accordingly, at least one member of the putative class, Plaintiff Preciado, is a citizen of a state different than at least one defendant, Defendant



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

McCain. Minimal diversity jurisdiction thus exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**A. The Amount in Controversy Exceeds $5,000,000.**

22. Although McCain denies that Plaintiff's claims have any merit, McCain avers, for purposes of meeting the jurisdictional requirements for CAFA removal only, that if Plaintiff was to prevail on just a few of his claims and allegations in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5,000,000.

23. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) ("[T]he amount in controversy is simply an estimate of the total amount in dispute"). In removing an action pursuant to CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924-25 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).

24. The amount in controversy includes all amounts that Plaintiff may recover based on the allegations in the complaint—regardless of whether those damages arose before or after removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

them from being part of the amount in controversy"). Put differently, the amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414.

25. Here, Plaintiff's Complaint does not identify an amount in controversy, but as McCain shows below, the amount in controversy more likely than not exceeds $5,000,000 based solely on Plaintiff's claims for (1) failure to provide rest breaks and meal periods, (2) failure to pay overtime, and (3) associated attorneys' fees. Because the amount in controversy exceeds $5,000,000 on those claims alone for CAFA removal purposes, McCain has not included alleged damages for the remaining claims. Should those additional claims be included, the amount in controversy would be higher under CAFA.

26. ***Amount in Controversy is satisfied at Plaintiff's hourly rate.***

i. Rest Break claim. Plaintiff alleges "Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work." Compl. ¶ 5.2. Putative class members typically work a minimum of three 12-hour shifts per calendar week. Minor Decl. ¶ 7. Again, this is a minimum number of shifts per week and a conservative assessment. In reality, class members often worked more than three shifts per week on average. The relevant class period (October 2, 2022 to present) consists of 161 calendar weeks. If 800 putative class members worked a schedule of only three 12-hour shifts during the relevant class period, the class would be eligible for 772,800 rest breaks (minimum 2 rest breaks x 3 shifts x 161 weeks x 800 employees). *See* Minor Decl. ¶¶ 4-6. Using Plaintiff's lowest hourly rate during the relevant class period, $22.47 per hour, the Class would have suffered damages of at least $578,827.20 for non-compliant rest breaks on 20% of their eligible shifts (772,800 potential violations x 20% violation rate x 10 minutes of pay at $22.47/hour). *See Arnold v. Marriott Int'l*, No. 3:24-CV-00221-RAJ, 2025 WL



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1919260, at *4 (W.D. Wash. July 11, 2025) (assumed 20% violation rate is reasonable); *see also*, *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-cv-719, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that an assumed 20% alleged violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Ctrs. of Pac.*, No. 19-cv-4592, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) ("Defendant's first assumption—a 20% violation rate for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations").

ii. Double Damages for Rest Break claim. Assuming statutory double damages as alleged by Plaintiff, the total amount in controversy for rest breaks at a reasonable violation rate is $1,157,654.40. *Wingert v. Yellow Freight Sys., Inc.*, 146 Wash. 2d 841, 849, 50 P.3d 256, 260 (2002) ("An employer who violates RCW 49.52.050(2) may be held liable in a civil action by the aggrieved employee to judgment for twice the amount of the wages unlawfully withheld, together with costs of suit and attorney fees. RCW 49.52.070.").

iii. Meal Period claim. Plaintiff alleges that "Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work." Compl. ¶ 5.9. Putative class members typically work a minimum of three (3) 12-hour shifts per calendar week. The relevant class period (October 2, 2022 to present) consists of 161 calendar weeks. If 800 putative class members worked a schedule of only three (3) 12-hour shifts during the relevant class period, the class would be eligible for 772,800 meal periods (2 meal periods x 3 shifts x 161 weeks x 800 employees). Using Plaintiff's lowest hourly rate during the relevant class period, $22.47 per hour, the Class would have suffered damages of at least $1,736,481.60 for non-compliant meal periods on 20% of eligible shifts (772,800 violations x 20% violation rate x 30 minutes at



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

$22.47/hour). *See* Minor Decl. ¶¶ 4-6; s*ee Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 447–48, 556 P.3d 714, 731 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025) ("[T]o comply with WAC 296-126-092, the employer must provide compensation for the missed opportunity to rest, eat lunch, and perform other activities on a break. The additional 30 minutes equates to the opportunity cost of the missed break because it is time the employee would have spent not working but for the employer's decision to deny a meal break."); *see also, Arnold v. Marriott Int'l*, No. 3:24-CV-00221-RAJ, 2025 WL 1919260, at *4 (W.D. Wash. July 11, 2025) (assumed 20% violation rate is reasonable*); see also, Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-cv-719, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that an assumed 20% alleged violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Ctrs. of Pac.*, No. 19-cv-4592, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) ("Defendant's first assumption—a 20% violation rate for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations.").

iv. Double Damages for Meal Period claim. Assuming statutory double damages, the total alleged amount in controversy for meal periods at a reasonable violation rate is $3,472,963.20.

v. Overtime claim. Plaintiff alleges that "Defendant has engaged in a common course of failing to provide Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours." Compl. ¶ 5.20. Plaintiff further alleges that "Defendant has engaged in a common course of failing to provide Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours." Compl. ¶ 5.21. Putative class members typically work at a minimum three (3) 12-hour shifts per calendar week. The relevant class period (October 2,



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

2022 to present) consists of 161 calendar weeks. If 800 putative class members worked a schedule of only three (3) 12-hour shifts during the relevant class period, and suffered one (1) hour of unpaid overtime due to unpaid rest break and/or meal periods (161 weeks x 800 employees x 1 hour at $33.71 (the overtime rate) x 20% violation rate), then, using the lowest hourly wage paid to a putative class member during the relevant class period, $33.71 overtime rate, the Class would have suffered damages of at least $868,369.6 for unpaid overtime on a conversative violation rate.

vi. Attorneys' Fees. Plaintiff also seeks reasonable attorneys' fees as part of this action. Compl. § XIV.F (Prayer for Relief). In the Ninth Circuit, courts generally award attorneys' fees in the 25% range in class actions. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees") (citing *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). Assuming a fee award of 25% of damages if Plaintiff prevails on class-wide meal and rest claims and the associated overtime, the potential attorneys' fees would total $1,591,774.80.

27. Accordingly, even taking a conservative approach to calculating purported damages, the causes of action for rest breaks and meal periods, and the associated overtime, would result in damages of at least $7,958,874, using Plaintiff's lowest hourly rate during the class period.

28. Alternatively, the Amount in Controversy is satisfied at lowest hourly rate for any putative class member.

i. Importantly, the CAFA amount in controversy would be satisfied even applying the lowest hourly rate paid to any class member during the class period: $16.48 per hour. At that lowest hourly rate, the CAFA amount in controversy would result in damages of at least $5,041,232—which still exceeds the $5,000,000 threshold.



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

ii. Rest Break claim. Using the lowest hourly rate paid to a putative class member during the relevant class period, $16.48 per hour, the Class would have suffered damages of at least $424,524.80 for non-compliant rest breaks on 20% of their eligible shifts (772,800 violations x 20% violation rate x 10 minutes at $16.48/hour).

iii. Double Damages for Rest Break claim. Assuming statutory double damages as alleged by Plaintiff, the total amount in controversy for rest breaks at a reasonable violation rate is $849,049.60.

iv. Meal Period claim. Using the lowest hourly wage paid to a putative class member during the relevant class period, $16.48 per hour, the Class would have suffered damages of at least $1,273,574.40 for non-compliant meal periods on 20% of their eligible shifts (772,800 violations x 20% violation rate x 30 minutes at $16.48/hour).

v. Double Damages for Meal Period claim. Assuming statutory double damages, the total alleged amount in controversy for meal periods at a reasonable violation rate is $2,547,148.80.

vi. Overtime claim. Using the lowest hourly wage paid to a putative class member during the relevant class period, $24.72 overtime rate, the Class has suffered damages in excess of $636,787.20 for unpaid overtime on a conversative violation rate.

vii. Attorneys' Fees. Assuming a fee award of 25% of damages if Plaintiff prevails on classwide meal and rest claims and the associated overtime, the potential attorneys' fees would total $1,008,246.40.

29. The above estimates are reasonable and conservative. Without limitation, these estimates likely undervalue the amount in controversy because in this Notice of Removal McCain: (1) applies low hourly rates (either Plaintiff's lowest hourly rate or the lowest hourly rate for any putative class member); (2)



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

undercounts the number of putative class members; (3) applies only a 20% violation rate for meal periods and rest breaks; (4) assigns only three shifts per week, when in reality employees often work more; and (5) omits other claims that Plaintiff alleges and for which he seeks relief, including claims for paid sick leave violations, recordkeeping violations, allegedly unlawful deductions, and others. *See* Compl. ¶¶ 9.1 – 12.4. Should Plaintiff challenge this removal, McCain reserves the right to amend or adjust these estimates.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

30. Consistent with 28 U.S.C. § 1446, McCain provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Plaintiff Preciado and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of Adams County.

32. McCain has complied with all applicable local rules for the Eastern District of Washington regarding this Notice of Removal.

33. Because McCain has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as no exceptions apply to this action. McCain expressly reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

## VI. CONCLUSION

34. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

i. This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

ii. The action involves a putative class of at least 100 members, as required by § 1332(d)(5)(B);

iii. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

iv. At least one member of the putative class is a citizen of a state different from that of any defendant, as required by § 1332(d)(2)(A).

35. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

DATED this 6th day of November, 2025.

Davis Wright Tremaine LLP
*Attorneys for Defendant*

By */s/ Devin Smith*
Devin Smith, WSBA #42219
Aliah McCord, WSBA #64288
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622 3150
devinsmith@dwt.com
aliahmccord@dwt.com

By */s/ Rebecca Lynch*

Rebecca Lynch, WSBA #58018
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Telephone: (425) 646-6100
rebeccalynch@dwt.com

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that, on the 6th day of November 2025, that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed to the following counsel.

| | |
|---|---|
| Douglas Han<br>Shunt Tatavos-Gharajeh<br>Winthrop Hubbard<br>JUSTICE LAW CORPORATION<br>751 North Fair Oaks Avenue, Suite 101<br>Pasadena, California 91103<br>Emails:<br>dhan@justicelawcorp.com<br>statavos@justicelawcorp.com<br>whubbard@justicelawcorp.com<br><br>*Attorneys for Plaintiff* | ☐ Via Legal Messenger<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Federal Express<br>☐ Via Facsimile<br>☒ **Via Electronic Mail**<br>☒ **Via Court ECF** |

DATED this 6th day of November, 2025.

Lorrie Salinas-Malins

Lorrie Salinas-Malins



Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax