# EXHIBIT A

ADAMS COUNTY
ELECTRONICALLY FILED
10/2/2025 1:30 PM
CATHERINE R. SLOAN, Clerk
By: AV

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

COUNTY OF ADAMS

| | |
|---|---|
| RICARDO PRECIADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCCAIN FOODS USA, INC., a Maine corporation;<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Ricardo Preciado ("Plaintiff"), by their undersigned counsel, for their class action complaint against Defendant McCain Foods USA, Inc. ("Defendant"), alleges as follows:

///

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 1

## I. INTRODUCTION

1.1 <u>Nature of Action.</u> Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 <u>Jurisdiction.</u> Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in Adams County. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 <u>Venue.</u> Venue is proper in Adams County because Defendant operates and transacts business in Adams County. RCW 4.12.025(1), (3).

2.3 <u>Governing Law.</u> The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 2

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1   Plaintiff. Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2   Defendant. Defendant is a Maine corporation with its principal place of business in Oakbrook Terrace, Illinois.

## IV. CLASS ACTION ALLEGATIONS

4.1   Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2   Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3   Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a.   Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

///
///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 3

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

  b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

  c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

  d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

  e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

  f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

  g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

  h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

  i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

  j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 4

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1            k.    Whether Defendant failed to keep true and accurate records of the
2    hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff
3    and the Class members;
4            l.    Whether Defendant failed to furnish itemized pay statements to
5    Plaintiff and the Class members;
6            m.    Whether Defendant willfully deprived Plaintiff and the Class members
7    of the wages to which they were entitled;
8            n.    Whether Defendant has violated RCW 49.12.020;
9            o.    Whether Defendant has violated WAC 296-126-092;
10           p.    Whether Defendant has violated RCW 49.46.130;
11           q.    Whether Defendant has violated RCW 49.46.090;
12           r.    Whether Defendant has violated RCW 49.46.210;
13           s.    Whether Defendant has violated RCW 49.48.010;
14           t.    Whether Defendant has violated WAC 296-126-025;
15           u.    Whether Defendant has violated WAC 296-126-028;
16           v.    Whether Defendant has violated WAC 296-128-620;
17           w.    Whether Defendant has violated RCW 49.52.050; and
18           x.    The nature and extent of class-wide injury and the measure of
19   compensation for such injury.
20       4.4    Typicality. Plaintiff's claims are typical of the claims of the members of the Class
21   because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State
22   of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same
23   common course of conduct by Defendant and are based on the same legal and remedial
24   theories.
25   ///
26   ///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 5

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.5    **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6    **Predominance.** Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7    **Superiority.** Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1    Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2    **Failure to provide rest breaks.** Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.3    Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 6

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.4 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

5.5 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

5.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

5.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

5.8 Defendant had actual or constructive knowledge of the facts set forth above.

5.9 <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

5.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

5.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

5.12 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

5.13 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.14 Defendant had actual or constructive knowledge of the facts set forth above.

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 7

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.15    <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.16    Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

5.17    Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.18    Defendant had actual or constructive knowledge of the facts set forth above.

5.19    <u>Failure to pay all overtime wages due.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.20    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.21    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.22    Defendant had actual or constructive knowledge of the facts set forth above.

5.23    <u>Unlawful Deductions and Rebates.</u> Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 8

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    5.24    Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

5.25    Defendant had actual or constructive knowledge of the facts set forth above.

5.26    <u>Failure to accrue and allow use of paid sick leave.</u> Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.27    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

5.28    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

5.29    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

5.30    Defendant had actual or constructive knowledge of the facts set forth above.

5.31    <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

5.32    Defendant had actual or constructive knowledge of the facts set forth above.

5.33    <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 9

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.34 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.35 Defendant had actual or constructive knowledge of the facts set forth above.

## VI. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

6.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 10

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.9    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

6.10    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

7.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6    Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7    Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.8     Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.9     By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.10    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

8.1     Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3     By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4     As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

9.1     Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 12

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.2  Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3  By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

9.4  As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

### (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

10.1  Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2  The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

10.3  Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

10.4  By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 13

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

11.1 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

11.2 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 14

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.2    RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4    As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

### XIII. EIGHTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3    Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 15

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

13.5    As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A.   Certify the proposed Class;

B.   Appoint Plaintiff as Class representative;

C.   Appoint the undersigned attorneys as Class counsel;

D.   Declare that the actions complained of herein violate Washington law;

E.   Award Plaintiff and the Class members compensatory and exemplary damages;

F.   Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G.   Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

///

///

///

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 16

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2025.

**JUSTICE LAW CORPORATION**

By: <u>/s/ Douglas Han</u>
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
<u>/s/ Shunt Tatavos-Gharajeh</u>
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
<u>/s/ Winthrop Hubbard</u>
Winthrop Hubbard, WSBA #56458
Email: whubbard@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 17